UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANA MELTON,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH HATCHETT,<br><br>    Defendant. | Case No. 3:22-cv-00932<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

This action arises out of Plaintiff Dana Melton's investment in LeasePAL, Inc. (LeasePAL), a Florida corporation whose chief executive officer is pro se Defendant Keith Hatchett. (Doc. Nos. 1, 22.) Melton asserts breach of contract and fraud claims against Hatchett under Tennessee law. (Doc. No. 1.) She has filed a motion for summary judgment (Doc. No. 19), to which Hatchett has responded in opposition (Doc. No. 24). Melton did not file an optional reply.

Considering the parties' arguments and the limited summary judgment record, and for the reasons that follow, the Magistrate Judge will recommend that the Court deny Melton's motion for summary judgment.

**I.    Background**

Melton, a Tennessee resident, asserts that she made two transactions with LeasePAL. (Doc. No. 21.) First, she purchased approximately $107,000.00 of LeasePAL stock pursuant to "a written Subscription Agreement, dated September 22, 2016[,]" "after months of Hatchett's promotion and coaxing[.]" (*Id.* at PageID# 94, ¶ 1.) Then, "on or about November 15, 2017," "Melton entered into another Subscription Agreement . . . for the approximate amount of $14,500.00, transferring

her existing IRA account to [LeasePAL]" in exchange for more stock. (*Id.* at PageID# 95, ¶ 2.) Melton asserts that, "[s]ubsequent to [these] transactions, no official reports, bulletins, statements of account, or communications, were forthcoming to Melton from Hatchett or [LeasePAL], setting forth any status of the corporation, to include tax statements and other pertinent documents." (*Id.* at ¶ 3.) She further asserts that "[o]ne of the selling points" Hatchett used to induce her to purchase LeasePAL stock "was the pending pursuit of a patent for the corporation's specific product / business model" and that she subsequently learned that "the pursuit of such patent was abandoned years ago." (*Id.* at ¶ 4.) Melton states that she "became aware that Hatchett had allowed the Florida corporation to administratively dissolve, and, shortly after [her] initial investment in 2016, formed a Nevada corporation" without communicating this change to Melton. (*Id.* at PageID# 96, ¶ 5.) Melton states that she "has paid Hatchett a total of $122,000.00 under two written agreements, yet [she] has nothing to show for her investments, and no statements of account concerning same." (*Id.* at ¶ 6.)

Melton initiated this action on November 15, 2022, by filing a complaint against Hatchett alleging that Hatchett's "**ongoing** conduct in this matter equates to fraud, constructive fraud, fraudulent and negligent misrepresentation, fraudulent concealment, breach of contract, [and] breach of the duty of good faith and fair dealing . . . ." (Doc. No. 1, PageID# 4, ¶ 10.) Alternatively, Melton alleges that if, "due to the fraud of [Hatchett], the Parties never assented to a contract, and all written agreements are null and void," then Hatchett is liable for "a breach of fiduciary duty, and a violation of the Tennessee Securities Act of 1980, Tenn. Code Ann. §§ 48-1-101 et seq., specifically § 48-1-121." (*Id.*) Hatchett filed an answer to Melton's complaint. (Doc. No. 13.)

On January 12, 2024, Melton filed a motion for summary judgment (Doc. No. 19) supported by a statement of undisputed material facts (Doc. No. 21), her own affidavit with

2

exhibits including copies of the two subscription agreements (Doc. No. 22), and a supporting memorandum of law (Doc. No. 23). Melton argues that she is entitled to summary judgment because

> [i]t is apparent and obvious that Hatchett has breached his duties to perform under the contract, and breached the duty of good faith and fair dealing attendant to all Tennessee contracts, in his failure to, at a minimum, keep Melton apprised of the whereabouts and condition of her investment funds.

(Doc. No. 23, PageID# 144.) Melton further argues that she is entitled to summary judgment on her fraud claims because, "[i]n the spring and throughout the late summer of 2019," in response to her "aggressive[ ]" "querie[s]" about "the status of her investment[,]" Hatchett sent her "false and misleading" text messages "outlin[ing] specific, yet unsubstantiated successes of the corporation and its alleged successes and growth[,]" but "[n]othing has followed such communications that would even hint at the truthfulness of such [ ] representation[s]." (*Id.* at PageID# 146.)

Hatchett opposes Melton's motion for summary judgment, arguing that Melton "has presented no evidence . . . of any wrongdoing by Hatchett" and that the "summary and conclusory argument [Melton] offer[s] in support of [her] [m]otion is insufficient to satisfy [Melton's] burden for entry of summary judgment in her favor." (Doc. No. 24, PageID# 160.) With respect to Melton's breach-of-contract claims, Hatchett argues that Melton "fails to discuss [ ] the actual contractual terms set forth in the agreements in question, as well as the basic and fundamental fact that Hatchett is not a party to the agreements with Melton" because the agreements are between Melton and LeasePAL. (*Id.* at PageID# 162.) Hatchett further argues that Melton has not shown that she is entitled to summary judgment on her fraud claims because she has not presented sufficient record evidence to establish that any of Hatchett's representations to her were false when made or that she suffered any damages as a result of her reliance on such representations. (Doc. No. 24.) Hatchett argues that Melton "still owns her shares in LeasePal and that LeasePal is still

3

an ongoing concern" that is "actively pursuing its business plans . . . ." (*Id.* at PageID# 165.) Hatchett did not file a separate response to Melton's statement of undisputed material facts and has not presented any evidence to support his arguments.[1]

Melton did not file an optional reply in support of her motion for summary judgment.

## II. Legal Standard

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material

---

[1] Hatchett's response in opposition to Melton's motion for summary judgment cites a "Declaration of Keith Hatchett" and "Ex. 'A' thereto" (Doc. No. 24, PageID# 165), but no declaration from Hatchett appears in the record.

facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

### III. Analysis

Melton's complaint asserts claims of breach of contract,[2] constructive fraud,[3] fraud or intentional misrepresentation,[4] and violation of Tenn. Code Ann. § 48-1-121[5] against Hatchett. (Doc. No. 1.)

---

[2] "It is well[ ]settled that, in Tennessee, a viable claim for breach of contract has three essential elements: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of that contract[;] and (3) damages caused by the breach of contract." *Carrigan v. Arthur J. Gallagher Risk Mgmt. Servs., Inc.*, 870 F. Supp. 2d 542, 550 (M.D. Tenn. May 10, 2012).

[3] "Constructive fraud, also known as fraudulent concealment, is committed when 'a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury.'" *Hira v. N.Y. Life Ins. Co.*, 144 F. Supp. 3d 977, 983–84 (E.D. Tenn. 2015) (quoting *Roopchan v. ADT Sec. Sys., Inc.*, 781 F. Supp. 2d 636, 652 (E.D. Tenn. 2011)).

[4] In Tennessee, "courts consider 'fraud,' 'intentional misrepresentation,' and 'fraudulent misrepresentation' to be different names for the same cause of action." *Best Choice Roofing & Home Improvement, Inc. v. Best Choice Roofing Savannah, LLC*, 446 F. Supp. 3d 258, 275 (M.D. Tenn. 2020) (quoting *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012)). A plaintiff must prove six elements to recover for intentional misrepresentation:

> (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.

*Id.* (quoting *Hodge*, 382 S.W.3d at 343).

[5] Section 48-1-121 provides, in relevant part:

> (a) It is unlawful for any person, in connection with the offer, sale or purchase of any security in this state, directly or indirectly, to:
>
> (1) Employ any device, scheme, or artifice to defraud;
>
> (2) Make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

The summary judgment record includes (1) Melton's statement of undisputed material fact (Doc. No. 21); (2) Melton's affidavit (Doc. No. 22); (3) the September 2016 and November 2017 written subscription agreements between Melton and LeasePAL (*id.*); (4) documents from the U.S. Patent and Trademark Office stating that a patent application Hatchett filed in 2013 regarding a "lease deposit exemption policy" was "[a]bandoned" at the end of 2019 (*id.* at PageID# 122, 123); and (5) an undated letter signed by Hatchett and addressed to "To whom it m[a]y concern," stating that

> On February 16, 2010 I formed LEASE PAL, INC. as a Florida Profit Corporation. I have now formed LeasePal Nevada Profit Corporation. On September 23, 2016 LEASE PAL, INC. Florida Profit Corporation was admin dissolved for annual report. I Keith Hatchett have no intent to reinstate LEASE PAL, INC. Florida Profit Corporation.

(*id.* at PageID# 139).

This Court's Local Rule 56.01 provides that "any motion for summary judgment . . . must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). Under this rule, "[e]ach fact must be set forth in a separate, numbered paragraph [and] . . . must be supported by specific citation to the record." *Id.* Any party opposing a motion for summary judgment must specifically respond to each asserted fact by: "(1) Agreeing that the fact is undisputed; (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record." M.D. Tenn. R. 56.01(c) (response to

---

> (3) Engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Tenn. Code Ann. § 48-1-121(a)(1)–(3).

statement of facts). Furthermore, "[t]he response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant" and "must be filed with the papers in opposition to the motion for summary judgment." *Id.*

Pro se parties are not excused from complying with these rules. *See* M.D. Tenn. R. 56.01(b)–(c). Indeed, the Court's scheduling order in this action instructed the parties to "refer to Federal Rule of Civil Procedure 56 and Local Rule 56.01 for summary judgment procedures[,]" described Local Rule 56.01's requirements, and warned the parties that "[f]ailure to respond in opposition to a statement of material fact may result in the Court assuming that the fact is true for purposes of summary judgment." (Doc. No. 15, PageID# 43); *see also* M.D. Tenn. R. 56.01(f) (failure to respond) ("If a timely response to a moving party's statement of material facts . . . is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.").

Melton filed a statement of undisputed material facts that complies with Local Rule 56.01(b) and is supported by specific record citations. (Doc. No. 21.) Hatchett did not respond to Melton's statement of undisputed material facts as required by Local Rule 56.01(c). Under Local Rule 56.01(f), the Court must therefore consider Melton's asserted facts to be true for purposes of summary judgment. M.D. Tenn. R. 56.01(f). That does not mean, however, that the Court must grant Melton's motion for summary judgment on that basis. Melton must still carry her initial burden to show an absence of any genuine dispute of material fact. *See Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991) ("[A] party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact . . . regardless if an adverse party fails to respond."); *Felix v. Young*, 536 F.2d 1126, 1135 (6th Cir. 1976) ("[T]he fact

that the movant's affidavits are uncontroverted does not necessarily mean that summary judgment should be granted[;] the ultimate burden of proving the propriety of summary judgment remains on the moving party.").

"Rule 56 first imposes a burden of production on the moving party to make a prima facie showing that it is entitled to summary judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed. supp. June 2024). "In this context, a 'prima facie' showing means that, in the absence of evidence to the contrary, the movant's evidence is sufficient to entitle the movant to summary judgment." 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.40 (2024). Courts must view the movant's evidence in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) ("[T]he moving party . . . ha[s] the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party."). If the moving party's evidence is insufficient, "'[n]o defense . . . is required'" and summary judgment must be denied. *Id.* at 161 (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* § 56.22(2) (2d ed. 1966)); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed. supp. June 2024) ("[I]f the movant bears the burden of proof on a claim at trial . . . [and] fails to make that initial showing, the court must deny the motion, even if the opposing party has not introduced contradictory evidence in response.").

The Court must therefore examine the evidence that Melton offers in support of her motion to determine if it is sufficient to satisfy her initial summary judgment burden with respect to each of her claims before evaluating Hatchett's response in opposition. *See Adickes*, 398 U.S. at 160 ("'[W]here the evidentiary matter in support of the motion does not establish the absence of a

genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.'" (quoting Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment)). Rule 56(c)(3) provides that the Court "need consider only" materials cited by the parties in their summary judgment briefing, "but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); *see also* Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment ("[A] court may consider record materials not called to its attention by the parties.").

Having reviewed Melton's evidence and the parties' arguments, the Court finds that questions of material fact remain as to the following issues: (1) whether Hatchett is a party to Melton's subscription agreements with LeasePAL; (2) whether there was a breach of either written agreement;[6] (3) whether Melton suffered any damages as the result of a breach; (4) whether Hatchett omitted any material facts or made any material misrepresentations that induced Melton to purchase LeasePAL stock; and (5) whether Melton suffered any injuries or damages as a result of such omissions or misrepresentations.

Melton thus has not carried her burden to demonstrate the absence of any genuine dispute of material fact for each of her claims against Hatchett. *Cf. Holton v. Peerbolte*, No. 3:22-cv-00559, 2024 WL 2868229, at *2 (M.D. Tenn. June 6, 2024); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed. supp. June 2024) ("If the [summary judgment] movant fails to make [its] initial showing, the court must deny the motion, even if the opposing party has not introduced contradictory evidence in response.").

---

[6] "While the interpretation of a contract is a question of law, the determination of whether a party has fulfilled its obligations under a contract or is in breach of the contract is a question of fact under Tennessee law." *Holton v. Peerbolte*, No. 3:22-cv-00559, 2024 WL 2868229, at *2 n.4 (M.D. Tenn. June 6, 2024) (collecting authority).

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court DENY Melton's motion for summary judgment (Doc. No. 19).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 25th day of June, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge